### 72753. BLAIR v. THE STATE.
(347 SE2d 337)

BANKE, Chief Judge.

Blair appeals his conviction of mutiny in a penal institution, enumerating as error the trial court's failure to charge the jury on the presumption of innocence. *Held*:

" 'The failure of a trial judge in a criminal case to charge the jury to the effect that the defendant enters upon his trial with a presumption of innocence in his favor, and that this presumption remains with him, in the nature of evidence, until rebutted by proof satisfying the jury of his guilt to the exclusion of reasonable doubt, is error requiring the grant of a new trial. [Cit.]' " *Reaves v. State*, 146 Ga. App. 409, 412 (246 SE2d 427) (1978).

The state argues that the following language of the charge adequately instructed the jury on the presumption of innocence: "The defendant's (sic) not required to satisfy the jury of the existence of any fact which, if true, would be a defense to the crime." This instruction clearly did not set forth the principle of law at issue. "It is indeed difficult to imagine a more serious omission from a charge to the jury in a criminal case." *Reaves*, supra at 413. The trial court's failure to give a correct charge on the presumption of innocence resulted in a violation of appellant's right to a fair trial as guaranteed by the due process clause of the Fourteenth Amendment of the United States Constitution. See *Taylor v. Kentucky*, 436 U. S. 478 (98 SC 1930, 56 LE2d 468) (1978).

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 26, 1986.

*Joel E. Williams, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.