DECIDED JUNE 22, 1988.

### 45551. CONLEY v. THE STATE.
(368 SE2d 502)

GREGORY, Justice.

James Conley was convicted of the murder of Timothy Stewart and the aggravated assault on Roy McClendon.[1] Conley received a life sentence for the murder conviction and fifteen years to serve consecutively on the aggravated assault. We affirm.

On November 8, 1986 Roy McClendon and Timothy Stewart went to an area in Chatham County known as "Big John's Pond" to target practice with a 30/30 rifle. Conley and one of his friends, "Psycho," approached Stewart and McClendon. Conley asked if he could shoot the rifle. McClendon and Stewart agreed and Conley took one shot at the target. Conley bent down to pick up the empty cartridge and came up pointing the rifle at Stewart and McClendon. He threatened to kill either young man if they moved. Stewart then stepped forward slightly and Conley shot him. A struggle ensued between McClendon and Conley over the rifle during which Conley hit

---

[1] The offenses were committed on November 8, 1986. Conley was indicted on June 10, 1987. Trial began October 6, 1987 and Conley was convicted and sentenced on October 8, 1987. Motion for new trial was filed October 16, 1987 and denied February 17, 1988. The case was docketed in this court on March 9, 1988 and submitted for decision on briefs on April 18, 1988.

McClendon on the head with the butt of the rifle and also broke McClendon's thumb. Stewart died as a result of shock secondary to blood loss from the gunshot wound.

1. Conley maintains the trial court erred in allowing certain witnesses to testify who were not made known to the defense in accordance with OCGA § 17-7-110. The record shows, however, that the names of all witnesses were provided to the defense six days prior to trial. Further, defense counsel requested and was allowed an interview with these witnesses prior to their testimony in court. Apparently satisfied with the opportunity to interview the witnesses, defense counsel did not object to the testimony. We find no error here.

2. Conley claims the trial court erred in allowing his girl friend to testify to the contents of certain letters she received from Conley shortly after the shooting. He argues the letters were irrelevant and were used to prejudice the minds of the jurors.

The record shows the prosecution questioned the witness with regard to the letters in order to prove that Conley had attempted to intimidate the witness and influence her testimony. No objection was made to this line of questioning.

3. Conley contends the trial court erred in failing to grant a new trial on the basis of newly discovered evidence. He claims that "Psycho," an eyewitness to the shooting, has been located in an out of state prison and can offer testimony which is so material that it would probably produce a different verdict.

The record does not reveal the nature or substance of the proposed testimony so that the requirements of *Timberlake v. State* 246 Ga. 488 (271 SE2d 792) (1980) have not been satisfied.

4. Conley claims his motion for directed verdict on the aggravated assault charge should have been granted since McClendon knew the rifle was not loaded during the struggle after the shooting.

OCGA § 16-5-21 provides,

> (a) a person commits the offense of aggravated assault when he assaults. . .[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury.

The evidence was sufficient to establish an aggravated assault with the rifle. Even though it was not loaded, it was used to break McClendon's thumb and hit him on the head. The motion was properly denied.

5. Conley argues the trial court erred by not instructing the jurors each time they were dispersed that they were not to discuss the case among themselves or with anyone else.

The record shows that the jury was properly instructed on this several times throughout the trial and Conley has failed to prove any harm in this regard.

6. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1988 —
RECONSIDERATION DENIED JUNE 23, 1988.

*Robert E. Robinson,* for appellant.
*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.