## A94A2257. HUTSON v. THE STATE.
(453 SE2d 130)

BIRDSONG, Presiding Judge.

Raymond Vandoren Hutson appeals his convictions for violating the Georgia Controlled Substances Act by selling and delivering cocaine on February 11, 1992, and by possessing cocaine on March 2, 1992. *Held*:

1. Hutson contends the evidence is insufficient to sustain his conviction for sale of cocaine within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), because the evidence merely showed that he was present at a place where cocaine was sold. We have examined the evidence in a light most favorable to the verdict and have found the evidence sufficient within the meaning of *Jackson v. Virginia*, supra, to sustain Hutson's convictions of both charges. An undercover police officer testified that on February 11, 1992, he purchased from Hutson a substance later identified by an expert witness as crack cocaine, and that another officer testified that

after Hutson was arrested on March 2, 1992, a search of Hutson's person revealed a substance later identified as crack cocaine hidden in Hutson's shoe. This is sufficient evidence to sustain the conviction.

2. Hutson also contends the trial court erred by denying his motion for new trial on general grounds, that is, because the verdict is contrary to the evidence and without evidence to support it. This argument was properly addressed to the trial court which is vested with the authority to grant a new trial for such reasons. OCGA §§ 5-5-20; 5-5-21. Appellate courts cannot grant such new trials (*Dixon v. State*, 192 Ga. App. 845, 846 (386 SE2d 719); *Witt v. State*, 157 Ga. App. 564, 565 (278 SE2d 145)) and as we have found the evidence sufficient to sustain Hutson's convictions, this enumeration of error is without merit.

3. Hutson also contends the trial court erred by denying his motion for a new trial because he was not timely served with matters in aggravation in accordance with OCGA § 17-10-2 so as to invoke properly OCGA § 16-13-30 (d). Review of the record, however, shows Hutson did not impose a timely objection to the trial court's consideration of these matters in aggravation. Therefore, any issue concerning the service of these matters was waived.

4. Pretermitting whether the trial court erred by allowing a technician from the State crime lab to testify that cocaine is a controlled substance, any error was harmless. Cocaine is defined as a controlled substance by Georgia law (OCGA § 16-13-26) and it is not error to instruct the jury that cocaine is a controlled substance as part of the trial court's charge to the jury. *Dixon v. State*, 180 Ga. App. 222, 223-224 (348 SE2d 742). See Suggested Pattern Jury Instructions, Vol. II, p. 134. Accordingly, the testimony by the technician could not have harmed Hutson.

5. Hutson also contends that there were numerous occasions in which his character was placed in issue without proper justification. Review of the transcript, however, shows that Hutson posed no timely objection to the testimony which he now alleges was prejudicial. Moreover, as the transcript reveals that most of that testimony concerned the circumstances surrounding Hutson's arrest, there was no error. "As a general rule, all the circumstances connected with a defendant's arrest are admissible as a part of the res gestae." *Crowe v. State*, 193 Ga. App. 385 (388 SE2d 24). Where evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded merely because it incidentally shows the commission of another crime. *Sapp v. State*, 184 Ga. App. 527, 528 (362 SE2d 406). Although evidence may incidentally put character in issue or may be prejudicial, it may be admitted if otherwise relevant. *Coney v. State*, 198 Ga. App. 272, 274 (401 SE2d 304). In this sense, in response to Hutson's defense of mistaken identity, it was not error for an under-

cover officer to explain his ability to identify Hutson because of his prior contact with Hutson while the officer was a correctional officer. Additionally, in other instances the witness' answers were made during Hutson's cross-examination of the State's witnesses. As defense counsel may not take chances propounding questions which may elicit damaging answers and then demand reversal on appeal, we find no reversible error. See *Felker v. State*, 252 Ga. 351 (314 SE2d 621); *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420). Additionally, although appellate defense counsel complains that trial defense counsel placed Hutson's character before the jury by having him testify that he was a cocaine user, it is apparent that this testimony was part of the defense strategy to prove that Hutson was a user of cocaine and not a seller. Based on the entire record, we do not find that the testimony of which Hutson complains rises to the level of misconduct condemned in *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396). See *Martin v. State*, supra.

6. We find no merit in Hutson's contention that the trial court violated OCGA § 15-12-142 (a) by failing to charge the jury not to discuss the case until deliberations were properly begun. The record shows the jury was initially charged on this matter after the jury was selected, before the presentation of evidence, and at the end of the first day of trial, and Hutson has identified no harm which has resulted from any occasion on which the jury was not reminded of its responsibilities. As a result, we find no error. *Conley v. State*, 258 Ga. 339, 340-341 (368 SE2d 502).

7. Relying on *Blair v. State*, 179 Ga. App. 519 (347 SE2d 337), Hutson contends the trial court erred by failing to charge, without request, " 'that the defendant enters upon his trial with a presumption of innocence in his favor, and that this presumption remains with him, in the nature of evidence, until rebutted by proof satisfying the jury of his guilt to the exclusion of reasonable doubt.' " Hutson's reliance on *Blair* is misplaced. In *Blair*, the trial court did not charge on the presumption. In this case, the jury was charged fully on the presumption of innocence. Further, as Hutson has identified no error in the charge given, we find no error in the trial court failing to give this particular charge. See *Cohran v. State*, 141 Ga. App. 4, 5 (232 SE2d 355).

8. Hutson also contends the trial court erred by failing to charge, without request, on the defense of mistaken identity, circumstantial evidence, and non-participation in the sale of cocaine. The transcript shows, however, that the trial court gave a requested charge on identity as well as a charge on identity from the pattern charges, a charge on criminal intent, and a charge on circumstantial evidence. Under the circumstances we find no error.

9. Hutson alleges the trial court violated OCGA § 17-8-57 by stat-

ing, "as to the photograph, I don't know that I officially ruled on that, but I will allow that to be introduced as evidence." OCGA § 17-8-57 prohibits trial courts from commenting upon what has been proved or upon the guilt of the accused; it does not prevent the trial court from making rulings admitting matters into evidence. This remark did not violate OCGA § 17-8-57, and this enumeration of error is without merit.

10. Hutson contends he was deprived of effective assistance of counsel. This error was properly raised below in Hutson's motion for a new trial. Hutson has the burden to establish that his trial defense counsel's performance was deficient and the deficient performance prejudiced his defense. *Brown v. State*, 257 Ga. 277, 278 (357 SE2d 590). He had to show there was a reasonable probability the result of his trial would have been different, but for his defense counsel's unprofessional deficiencies (*Baggett v. State*, 257 Ga. 735 (363 SE2d 257)), and in doing so he must overcome the strong presumption that the representation was effective. *Clarington v. State*, 178 Ga. App. 663, 667 (344 SE2d 485).

We measure the trial defense counsel's performance under the circumstances existing at trial and not by benefit of hindsight. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362). Measured in that manner, trial defense counsel's decision to establish that Hutson was a cocaine user was part of his trial strategy. "In the absence of testimony to the contrary, counsel's actions are presumed strategic. *Stanley v. Zant*, 697 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (1984)." *Earnest v. State*, 262 Ga. 494, 496-497 (422 SE2d 188). Given the fact that Hutson faced a life sentence if he was convicted of selling cocaine, counsel's decision to portray Hutson as a crack user, but not seller, was not unreasonable. Even if we were to find such a decision to be an error, such judgmental or tactical errors do not always equate ineffective assistance of counsel. *Clarington*, supra. Further, the fact that another trial defense counsel may have pursued a different strategy does not, ipso facto, constitute a denial of the effective assistance of counsel. *Heard v. State*, 177 Ga. App. 802, 804 (341 SE2d 459).

Considering the totality of the trial, especially the eyewitness testimony of the police officers, and not just appellant's allegations of isolated errors (*Clarington*, supra), we are satisfied that Hutson did not meet his burden under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674), of showing that his counsel's performance was deficient and that this deficient performance prejudiced his defense.

Further, even if Hutson's trial defense counsel's performance somehow had been deficient within the meaning of *Strickland*, we find no reasonable probability that the outcome of his case would

have been different but for counsel's performance. *Thompson v. State*, 191 Ga. App. 906 (383 SE2d 339); *Young v. State*, 191 Ga. App. 651, 653 (382 SE2d 642). Accordingly, this enumeration of error is without merit.

11. Finally, Hutson contends the trial court erred by refusing to give a requested charge on possession of cocaine as a lesser included offense of sale of cocaine. Although *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) holds that a written request to charge on a lesser included offense must be given if there is any evidence to support it, *Alvarado* is of no assistance in this instance because the evidence did not support such a charge. Hutson's position on this charge was consistently that he did not possess cocaine and was merely present where someone else sold cocaine. Accordingly, there was no evidence that Hutson merely possessed cocaine for his own use. There was no error.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED JANUARY 19, 1995.

*J. Ralph McClelland III*, for appellant.

*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.