## A96A0812. CUNNINGHAM v. THE STATE.
### (471 SE2d 273)

BLACKBURN, Judge.

Robert Cunningham appeals his convictions of felony obstruction, simple battery, and driving under the influence.

On July 25, 1993, Cunningham was pulled over by an Athens-Clarke County police officer for speeding. When asked for his license, Cunningham handed the officer a paper license bearing the name Kim Tarpkins. Because the officer smelled a strong odor of alcoholic beverage coming from Cunningham's person, the officer performed various field sobriety tests. Specifically, the officer performed the "finger-to-nose" test and asked Cunningham to recite the alphabet. Cunningham failed both tests, and another officer was called to the scene to help place Cunningham under arrest for driving under the influence.

Cunningham attempted to flee on foot, and a struggle ensued. The first officer testified, and the second officer confirmed, that Cunningham hit, kicked, punched, bit him and attempted to grab his gun. Cunningham alleges that he used only the amount of force necessary to escape from the police, whom Cunningham alleges were using excessive force.

1. Cunningham contends that the trial court erred in failing to charge the jury that Cunningham had no burden to prove his defense.

The trial court charged the jury: "[T]his Defendant is presumed to be innocent until proven guilty. The Defendant enters upon the trial of the case with the presumption of innocence [sic] in his favor, and this presumption remains with the Defendant in the nature of evidence until it is overcome by the State of Georgia with evidence which is sufficient to convince you beyond a reasonable doubt that the Defendant is guilty of the offense charged. I charge you that no person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt." This burden of proof charge is more than sufficient. See *Blair v. State*, 179 Ga. App. 519 (347 SE2d 337) (1986) (setting forth the necessary requirements for a valid presumption of innocence charge).

2. Cunningham contends the trial court erred in failing to charge the jury that "[i]t is a defense to a prosecution for driving under the influence that the person's manner of driving was not unsafe." Cunningham, however, has failed to cite to any authority in support of this proposition.

Cunningham was charged with, and convicted of, driving under the influence in violation of OCGA § 40-6-391 (a) (1), which provides "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of alcohol to the extent

that it is less safe for the person to drive." Cunningham freely admits that he violated this statute. In fact, Cunningham testified that he was so drunk that he was unable to remember exactly what happened on the night in question. Therefore, this enumeration is without merit.

3. Cunningham contends that the trial court erred in failing to charge the jury that "it is a defense to the offenses of simple battery and felony obstruction that these acts were committed by the defendant to resist the use of excessive force by a police officer even in the making of a lawful arrest."

The trial court charged the jury: "[A] police officer in making a lawful arrest is authorized to use only that degree of force which is reasonably necessary to accomplish the arrest. The mere fact that a lawful arrest is being made does not give the officer the right to use excessive force or an unlawful degree of force upon the person arrested. I charge you that a person being arrested, even though the arrest itself is lawful, has the right to resist the use of excessive and unlawful force by those making the arrest to the extent that the person reasonably believes that the degree of resistance used is necessary to defend himself against the officer's use of unlawful or excessive force. In resisting, the person being arrested would not be authorized to use force which is unlawful or disproportionate to the amount of force necessary to prevent the unlawful force being used against the person." Cunningham has failed to provide any argument why this charge was inaccurate or insufficient. Therefore, this enumeration is without merit.

4. Cunningham contends that there was insufficient proof to support his convictions.

We find that the evidence was sufficient to allow a rational trier of fact to find Cunningham guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I fully concur but believe it important to point out that, although defendant does not cite the Georgia Constitution as support for his position, it applies. The Bill of Rights provides: "nor shall any person be abused in being arrested, while under arrest, or in prison." Ga. Const. 1983, Art. I, Sec. I, Par. XVII. The court's charge on excessive force comported with this important right, which guards the lone arrestee from the unnecessary use of the physical power of the State. And the evidence did not, as a matter of law, require a finding of abuse.

DECIDED MAY 8, 1996.

*Adrienne R. McFall*, for appellant.

*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.