## A97A0438. NASH v. THE STATE.
(482 SE2d 520)

BLACKBURN, Judge.

David Lee Nash appeals his conviction of burglary. On appeal, he contends he was denied his right to represent himself and his right of allocution, that his character was improperly placed in issue, and that the trial court's charge on the burden of proof was improper. His

enumerations of error do not require reversal.

1. Immediately prior to striking a jury, Nash expressed his desire to represent himself. The trial court inquired as to whether Nash understood the dangers of proceeding without counsel. After a discussion regarding Nash's ability to represent himself, Nash requested that his counsel be retained as co-counsel.

"A criminal defendant has a constitutional right of self-representation which derives from the Sixth Amendment. *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). Under the Sixth Amendment, it has been held that the assertion of the right to be represented by counsel constitutes a waiver of the Sixth Amendment right of self-representation. Thus, the Sixth Amendment right does not afford the defendant the hybrid right to simultaneously represent himself and be represented by counsel." (Citations and punctuation omitted.) *Cargill v. State*, 255 Ga. 616, 622 (3) (340 SE2d 891) (1986).

Accordingly, the trial court did not err in denying Nash's motion.

2. In his second enumeration of error, Nash contends the trial court erred in allowing the introduction of his alias listed on the indictment which was read to the jury. Nash contends that the mere mention that he was known under an alias puts his character into issue. However, this issue was not raised at trial. After the State's case, Nash's counsel moved for a directed verdict alleging that a variance existed between the evidence and the indictment because no evidence had been presented regarding Nash's alias.

"Because this is a court for review and correction of error, we cannot consider objections to evidence different from those raised at trial." (Punctuation omitted.) *Waddell v. State*, 224 Ga. App. 172, 174 (480 SE2d 224) (1996). Nash's failure to raise a character objection at trial precludes us from reviewing this issue. See also *Malone v. State*, 219 Ga. App. 728 (1) (466 SE2d 645) (1995).

3. Nash contends the trial court's charge on presumption of innocence was erroneous. The trial court charged (1) that the "[d]efendant is presumed to be innocent *until* proven guilty," (2) that the presumption of innocence remains with the "[d]efendant *until* it is overcome by the State," and (3) that "[n]o person shall be convicted of any crime *unless and until* each element of the crime is proven beyond a reasonable doubt." (Emphasis supplied.) Nash complains that the use of "until" dissolved the State's burden and required the jury to reach a verdict of guilty.

In *Cunningham v. State*, 221 Ga. App. 341 (1) (471 SE2d 273) (1996), we specifically approved of the presumption of innocence charge given in the present case. Nash's argument is without merit.

4. Nash contends he was denied his right of allocution. OCGA § 17-10-2 (a) provides that prior to sentencing the trial court shall

hold a hearing for the introduction of "additional evidence in extenuation, mitigation, and aggravation of punishment." The statute further provides that "the defendant *or* [his] counsel" shall present argument to the trial court regarding punishment. (Emphasis supplied.)

In the present case, Nash's counsel spoke on Nash's behalf regarding mitigation and punishment. Neither Nash nor his counsel requested that Nash speak for himself. This is significant considering Nash's earlier comments to the trial court which emphasize his willingness to speak directly to the court. Therefore, the trial court did not deny his right of allocution.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 28, 1997.

*Mary Erickson*, for appellant.
David L. Nash, *pro se.*
*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Bruce D. Hornbuckle, Nancy I. Jordan*, Assistant District Attorneys, for appellee.