S98A0769. MURRAY v. THE STATE.
(505 SE2d 746)

BENHAM, Chief Justice.

This appeal is from Keith Allan Murray's convictions for armed robbery (two counts); theft by taking a motor vehicle; impersonating a police officer; and possession of a firearm during commission of a crime. The evidence adduced at trial by the State authorized the jury

to find as fact the following events. While the robbery victims, a man and woman, sat in a parked car, a red Mustang automobile approached, departed, then returned at a high rate of speed and stopped in front of the victims' car. Murray and his co-indictee Hooper got out of the car and, armed respectively with a rifle and a pistol, confronted the victims. Hooper claimed to be a narcotics officer and Murray told the female victim not to look at him. She testified at trial that she recognized Murray from riding the same school bus. Hooper took property from the male victim and then, even though Murray said the female victim had nothing, Hooper took property from the woman. When the robbers left, the victims followed the Mustang and got a license plate number which they supplied to the police. That car was later found abandoned with a pistol and rifle and one victim's wallet in it. Sometime on the night of the robbery, a white pickup truck was stolen. Police officers watching a motel the next morning on a tip from Murray's mother chased a white pickup truck they saw leaving the motel. The occupants, two men and a woman, abandoned the truck and ran. The woman, Gibson, was caught immediately and cooperated with the police. A 16-year-old runaway from Alabama, she told police officers that the red Mustang was hers, that she had waited in it while Hooper and Murray robbed a store in Alabama, that they had stayed in the motel from which they were later seen fleeing, and that Hooper and Murray had left the motel in her car on the night of the robbery and returned in the white pickup truck they said they had stolen. For the purpose of establishing a similar transaction, two men from Alabama testified that two men robbed them in their store at the time and place indicated by Gibson.

1. Murray invoked this Court's jurisdiction by contending that he had a right under the Georgia Constitution to meaningful allocution,[1] which right was denied him by the mandate in OCGA § 17-10-6.1 of a sentence of at least ten years for armed robbery. However, under the principle that this Court will not decide constitutional issues if the case can be decided on other grounds (*Livingston v. State*, 266 Ga. 501, 504, fn. 1 (467 SE2d 886) (1996)), we do not reach the question of whether there is a right of allocution under the Georgia Constitution because the record shows that Murray was afforded

---

[1] Allocution is "the defendant's right to speak before sentence is imposed." [Cit.] . . . Allocution allows the defendant to speak in mitigation of sentence. [Cits.] It also "provides offenders the opportunity to contest any disputed factual bases for sentencing and to persuade the judge to choose a favored sentence alternative." [Cit.] Additionally, allocution provides a defendant the opportunity to meaningfully participate in the sentencing process and to show that he or she is a "complex individual" and "not merely an object to be acted upon." [Cit.]
*State v. Chow*, 883 P2d 663 (77 Haw. 241) (1994).

his statutorily provided opportunity to address the trial court personally and by counsel on the subject of sentencing. See OCGA § 17-10-2 (a), which provides defendants an opportunity to argue to the sentencing court, either personally or by counsel, regarding the punishment to be imposed. See also *Nash v. State*, 225 Ga. App. 10 (482 SE2d 520) (1997). In rejecting Murray's argument that the right of allocution is not meaningful if there is a minimum sentence imposed by statute, we are persuaded by the rationale of the Supreme Court of Oregon in *Oregon v. Sawyer*, 324 Or. 597 (932 P2d 1145) (1997), where a similar argument was addressed: "The right of allocution gives a defendant an opportunity to attempt to convince the sentencing court to impose no more than the minimum, as well as to address other sentencing matters that may be involved, such as the imposition of a fine." Murray was accorded that right, and since armed robbery carries a possible sentence of life imprisonment or a term of imprisonment of not less than ten years and not more than twenty (OCGA § 16-8-41 (b)), and he was sentenced only to thirteen years on each count of armed robbery, to be served concurrently, he cannot argue credibly that the statutory right of allocution was rendered meaningless by the fact that the trial court could not probate any of the minimum ten-year sentence.

2. Murray contends on appeal that the admission of similar transaction testimony about the robbery in Alabama was error for two reasons. The first reason he asserts is that the "preponderance of the evidence" standard for admission of evidence of similar transactions denies due process and destroys the presumption of innocence because it places on the defendant a burden of showing that proffered similar transaction evidence is not admissible. Although the words "preponderance of the evidence" may lead to confusion, suggesting that comparison is an essential part of the process of weighing the evidence, the language of the statute makes it clear that there is an objective standard that does not require comparison: " 'Preponderance of evidence' means that superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." OCGA § 24-1-1 (5). Indeed, the Court of Appeals has held it error to give a jury instruction which invites comparison when one party has submitted no evidence on an issue. *Superior Paving v. Citadel Cement Corp.*, 145 Ga. App. 6 (2) (243 SE2d 287) (1978). The standard requires only that the finder of fact be inclined by the evidence toward one side or the other. Murray is simply incorrect in his assertion that use of the preponderance-of-the-evidence standard shifted an evidentiary burden to him. The State must make specific showings in order to have similar transaction evidence admitted (*Wil-*

*liams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991)), and the failure to make the mandated showings requires rejection of the evidence. See, e.g., *Ricks v. State*, 217 Ga. App. 666 (1) (458 SE2d 862) (1995); *Banks v. State*, 216 Ga. App. 326 (2) (454 SE2d 784) (1995); *Watkins v. State*, 206 Ga. App. 701 (1) (b) (426 SE2d 238) (1992). That requirement holds true whether a defendant produces evidence on the issue or not. We conclude, therefore, that Murray's attack on the use of the preponderance-of-the-evidence standard is without merit.

Contrary to Murray's second argument, the evidence presented by the State was sufficient to show similarity of the offenses: both were robberies committed by two men, one of whom was armed with a pistol; in both cases there was an initial approach followed shortly by the robbery; and in both cases, the robbers ordered the victims not to look at them, and then took money from their persons. The fact that the only witness who identified Murray as one of the robbers in the earlier transaction was an accomplice does not render her testimony insufficient: the prohibition against the uncorroborated testimony of an accomplice being sufficient to convict of a crime (OCGA § 24-4-8) does not govern the admissibility of other crimes evidence. *Turner v. State*, 268 Ga. 213 (4) (486 SE2d 839) (1997).

3. Murray enumerates as error the trial court's jury charge on parties to a crime. His contention that the giving of the charge was erroneous because he was not informed in the indictment that he would be tried as a party to the crimes is without merit since there is no requirement that the indictment specify that the defendant is being tried as a party to the crime. *Wakily v. State*, 225 Ga. App. 56 (7) (483 SE2d 313) (1997). Charging the jury that conduct after the crime could be considered along with conduct before the crime to support an inference of participation is a correct statement of the law. *Norris v. State*, 220 Ga. App. 87 (2) (469 SE2d 214) (1996). Murray's reliance on *Purvis v. State*, 208 Ga. App. 653 (433 SE2d 58) (1993), is misplaced since the defendant in that case was not involved until after the crime was committed, whereas the evidence in this case shows Murray was involved before, during, and after the robbery.

4. Contrary to Murray's argument, the evidence that his accomplice represented to the victims that he and Murray were police officers was sufficient to establish Murray's guilt of the crime of impersonating a police officer. OCGA § 16-10-23 ("A person who falsely holds himself out as a peace officer . . . with intent to mislead another into believing that he is actually such officer commits the offense of impersonating an officer. . . ."); see also *Williams v. State*, 178 Ga. App. 80 (1) (342 SE2d 18) (1986). As noted above, Murray's participation in the crimes was sufficient to establish that he was a party to them. Our review of the record satisfies us that the evidence adduced at trial was sufficient to authorize a rational trier of fact to

find Murray guilty beyond a reasonable doubt of two counts of armed robbery, theft by taking a motor vehicle, impersonating a police officer, and possession of a firearm during commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*Michael R. McCarthy,* for appellant.
*Kermit N. McManus, District Attorney,* for appellee.