## A99A0747. HEHIR v. THE STATE.
(515 SE2d 406)

BLACKBURN, Judge.

Dennis Gordon Hehir appeals his conviction, following a jury trial, of possession of methamphetamine. Hehir contends that the trial court erred by allowing his character to be improperly placed into evidence. We affirm.

Hehir asserts that the prosecutor's questions to him regarding the police officer's service of a warrant on a separate crime improperly placed his character in evidence. However, although Hehir made a relevancy objection regarding the prosecutor's question as to why Hehir was at the back window, Hehir never objected on the ground that his character was being placed into evidence. Additionally, Hehir contends that the prosecutor's questions to him regarding whether he was aware that he would be searched when he arrived at the jail improperly placed his character into evidence. Hehir objected that this question was asked and answered, but he did not raise a character evidence objection. The trial court expressed concern that such a "line" of questioning might put the defendant's character into evidence; nonetheless, Hehir's defense counsel failed to object when the trial court specifically allowed the question.

"Because this is a court for review and correction of error, we cannot consider objections to evidence different from those raised at trial." (Punctuation omitted.) *Waddell v. State*, 224 Ga. App. 172, 174 (480 SE2d 224) (1996). [Hehir's] failure to raise a character objection at trial precludes us from reviewing this issue. See also *Malone v. State*, 219 Ga. App. 728 (1) (466 SE2d 645) (1995).

*Nash v. State*, 225 Ga. App. 10, 11 (2) (482 SE2d 520) (1997).
*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED MARCH 30, 1999.

*Deming Law Associates, David M. Thomas*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Clifford A. Sticher, Assistant District Attorneys*, for appellee.