## A99A2138. ZACHERY v. THE STATE.
### (527 SE2d 601)

BARNES, Judge.

Robert A. Zachery was indicted and convicted of six counts of robbery and recidivism. The trial court sentenced him to serve 20 years pursuant to the recidivist statute, OCGA § 17-10-7 (a), and Zachery appeals. He argues that the trial court erred in failing to merge the six robbery counts into one count and in deciding the recidivist count itself instead of sending it to the jury. We affirm.

1. Zachery was indicted on alternative counts of robbery, which alleged that on December 23, 1995, he took: (1) the property of Little Caesar's pizza from Timothy Wilson; (2) the property of Little Caesar's pizza from Wilson by sudden snatching; (3) the property of Little Caesar's pizza from Wilson by use of force; (4) the property of Wilson by intimidation; (5) the property of Wilson by sudden snatching; and (6) the property of Wilson by use of force. He was convicted on all six counts, but he was not sentenced on all six counts. The trial court sentenced him only to serve 20 years as a recidivist.

We agree with Zachery that only one robbery occurred. "Robbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity. . . ." *Creecy v. State*, 235 Ga. 542, 544 (5) (221 SE2d 17) (1975). Because Zachery took sums of money belonging to both Little Caesar's and Wilson from only one victim, Wilson, only one robbery occurred, not six. Id.; OCGA § 16-1-7 (a). However, the trial court apparently merged the offenses before sentencing, as it imposed only one 20-year sentence under the recidivist statute, thus avoiding a violation of OCGA § 16-1-7. See *Hill v. State*, 193 Ga. App. 401, 402 (4) (387 SE2d 910) (1989).

2. Zachery contends the trial court erred in deciding the recidivism count itself rather than sending it to the jury. After the jury returned its verdict on the first six counts, the trial court announced that the parties should return in ten days for sentencing. Zachery made no objection. When the parties reconvened at the appointed time, Zachery did not object to the trial court hearing the recidivism count but did object to two of the State's prior convictions. Pursuant to Zachery's objections, the trial court postponed the sentencing for a month so the State could obtain transcripts of the two guilty pleas at issue. Finally, Zachery made no objection to the trial court determining the recidivism count at the second sentencing hearing, after the State presented evidence that two previous guilty pleas were entered knowingly and voluntarily.

Zachery waived this issue by failing to raise it at the trial court. *Clark v. State*, 206 Ga. App. 10, 12 (2) (424 SE2d 310) (1992). Even if he had properly preserved the issue for appeal, a defendant has no right to a jury trial on a recidivism count. *LaPalme v. State*, 169 Ga. App. 540, 541 (4) (313 SE2d 729) (1984).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

Decided January 6, 2000.

*Marcia G. Shein*, for appellant.

*David McDade, District Attorney, Jeffrey L. Ballew, Assistant District Attorney,* for appellee.