## A02A2145. COBBLE v. THE STATE.
### (576 SE2d 623)

MILLER, Judge.

Following a jury trial, Daniel Eric Cobble was convicted on one count of family violence battery and on one count of simple battery. On appeal he contends that (1) the evidence at trial was insufficient to sustain the convictions, (2) the trial court erred in allowing improper character evidence to be presented at trial, (3) the trial court erred in failing to merge certain counts relating to family violence battery, and (4) his trial counsel was ineffective. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Cobble went to his mother's house one evening, and his mother informed him that he could not stay with her. Cobble

departed and then returned minutes later and kicked in the door of his mother's home. Cobble then threw a set of keys at his mother, which hit her in the face and shoulder, spat in her face, violently grabbed and pulled out her hair, which left her head bloody, and tried to hit her.

The mother's live-in boyfriend attempted to intervene to break up the fight between Cobble and his mother. Cobble then hit the boyfriend, causing him to bleed above his eye. Cobble's mother was eventually able to subdue Cobble by holding him down on the floor, and the boyfriend then called 911. Police took Cobble from the scene and arrested him.

1. Cobble contends that the evidence at trial was insufficient to sustain his convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, both victims testified regarding Cobble's physical attacks against them. Cobble's mother testified regarding Cobble's aggressive attack against her with car keys and by pulling out her hair (leaving her head bloody). The mother's boyfriend testified that Cobble threw the first punch when the boyfriend attempted to break up the fight between Cobble and his mother and that the punch caused the boyfriend to bleed. The evidence was sufficient to show lack of justification and to sustain Cobble's convictions for family violence battery as to the mother and simple battery with respect to the mother's boyfriend. See OCGA §§ 16-5-23 (a) (2); 16-5-23.1 (f).

2. Cobble contends that the trial court erred by admitting allegedly improper character evidence at trial. However, the record reveals that Cobble made no objection at trial to this alleged character evidence, leaving nothing for this Court to review on appeal. See *Hehir v. State*, 237 Ga. App. 389 (515 SE2d 406) (1999).

3. Cobble argues that the trial court erred by failing to make clear that the three other battery counts against him relating to his mother merged at sentencing with the one count against him for family violence battery. We find no merit to this contention, because, despite the fact that the jury found Cobble guilty on all four counts of battery relating to his mother, the record is clear that he was only *sentenced* on the one count of family violence battery in relation to these charges. See *Zachery v. State*, 241 Ga. App. 722, 723 (1) (527 SE2d 601) (2000).

4. Cobble argues that his trial counsel was ineffective for failing to object to alleged character evidence at trial. Instead of offering evidence to show his counsel's ineffectiveness, however, Cobble contends that such ineffectiveness is shown because "[t]he State offered no evidence of any reason for counsel's failure to object, a burden that it bore once Mr. Cobble made a prima facie case for ineffective assistance as outlined in his motion."

Cobble's attempt to shift to the State his burden of proving ineffective assistance is without basis. To prove ineffective assistance, *Cobble* bore the burden of showing that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The mere filing of Cobble's motion for new trial does not create a presumption of ineffectiveness. Indeed, in the absence of *evidence* to the contrary, trial counsel's actions are presumed to be strategic. See, e.g., *Hamilton v. State*, 238 Ga. App. 320, 322 (3) (517 SE2d 118) (1999). As Cobble has presented no evidence to counter the presumption that his counsel's actions were strategic, we find that the trial court did not clearly err in finding that Cobble's trial counsel was effective.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED JANUARY 15, 2003.

*Lee W. Fitzpatrick*, for appellant.
*Barry E. Morgan, Solicitor-General, Katherine L. Griffiths, Assistant Solicitor-General*, for appellee.