A05A1066. HIGHTOWER v. THE STATE.
(619 SE2d 387)

PHIPPS, Judge.

A jury found Damon Terad Hightower guilty of burglary, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of the crime of aggravated assault. Appealing his convictions of these crimes, he contends that the state improperly placed his character in issue by eliciting

---

testimony that he had not paid child support. Hightower has failed to demonstrate reversible error. Thus, we affirm.

The state's evidence showed that on April 10, 2004, Hightower broke into his former girlfriend's home, where their children also lived, and threatened her with a gun. Hightower testified that he had gone to his former girlfriend's home to get their children at her request, that he had knocked on the door, and that one of their sons had opened it for him. Hightower recounted that an argument had ensued, but denied having had a gun.

On appeal, Hightower complains about the following exchange that occurred during his cross-examination: "Q. And during that time period she was talking [sic] care of those kids on her own. You weren't giving her child support or anything like that, right? A. No. We was both doing — we was doing it the same. It was equal." In addition, Hightower complains about the following exchange that occurred during rebuttal testimony of his former girlfriend: "Q. And was he paying child support and helping take care of his kids as far as monetary-wise? A. No, ma'am. He did for the kids, but child support, no, he didn't." The record shows that defense counsel made no objection when the state elicited this testimony. Consequently, there is nothing for us to review.[1]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 3, 2005.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.

---

[1] See *Hehir v. State*, 237 Ga. App. 389 (515 SE2d 406) (1999).