**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 8, 2016**

# In the Court of Appeals of Georgia

A16A0829. FREY v. THE STATE.

BRANCH, Judge.

Cory Ray Frey appeals from his conviction of arson, criminal damage to a residence and a Jeep, and assault, as well as the denial of his motion for new trial. Frey contends that the trial court improperly commented on the evidence, that the State failed to prove criminal damage to the Jeep, and that the court erred by sentencing him as a recidivist. For the reasons that follow, we reverse Frey's conviction of criminal damage to the Jeep but affirm Frey's remaining convictions.

"On criminal appeal, appellant is no longer presumed innocent and all of the evidence is to be viewed in the light most favorable to the jury verdict. This Court does not reconsider evidence or attempt to confirm the accuracy of testimony. Assessing a witness's credibility is the responsibility of the factfinder, not this

Court." *Batten v. State*, 295 Ga. 442, 443 (1) (761 SE2d 70) (2014) (citations omitted). Instead, we review the case "to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict." *Willis v. State*, 263 Ga. 597, 598 (436 SE2d 204) (1993), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LEd2d 560) (1979). Upon review of the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Russu v. State*, 321 Ga. App. 695, 696 (1) (742 SE2d 511) (2013) (punctuation and footnote omitted; emphasis in original).

Construed in favor of the verdict, the evidence shows that Frey intentionally started a fire on the porch of a residence located at 228 West Spring Street, Toccoa, in Stephens County, which was owned by Denise Jackson and occupied by her son at the time of the fire. The residence was insured by Southern General Insurance Company. Later, Frey attacked a Jeep Cherokee parked nearby with a stick, causing damage including broken windows, apparently because he thought that the Jeep owners had reported the arson to the police. Frey also threatened to strike Michael Harrison, who saw Frey attack the Jeep, with a large stick.

Frey was charged on three counts of arson (for different ways of committing the same arson), three counts of criminal damage to property (one count for the house and two for the Jeep[1]), and simple assault. He was convicted on all counts, and the trial court merged two of the counts of arson and one count of criminal damage to property into the first count of arson. The court sentenced Frey to 20 years for arson (Count 1), as well as 5 years for damaging the Jeep and 12 months for assault, with these sentences to be served concurrently with Count 1. In a detailed order, the trial court denied Frey's motion for new trial.

1. Frey first contends the trial court improperly commented on the evidence. We disagree.

At the time of Frey's trial, OCGA § 17-8-57 provided:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held . . . to be error and the decision in the case reversed, and a new trial granted in the court below.

---

[1] One of the two counts involving the Jeep was duplicative and later nolle prossed.

See Ga. L. 2015, p. 1050, § 1 (effective July 1, 2015). "To constitute an improper comment under OCGA § 17-8-57, the trial court's statement must express an opinion about whether the evidence had proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty." *Anthony v. State*, 282 Ga. App. 457, 458 (1) (638 SE2d 877) (2006) (citations and punctuation omitted). "On appeal, the issue is simply whether there was such a violation." *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010).

OCGA § 16-7-60 (a) (3) provides that one way a person can commit arson is by burning a dwelling house "when such is insured against loss or damage by fire or explosive and such loss or damage is accomplished without the consent of both the insurer and the insured." In attempting to prove that Southern General did not consent to the burning of the subject property, the State questioned an investigator for Southern General. Frey contends that during this questioning, the court improperly suggested that the insurance company had not consented to the fire:

> Q: And are you aware of the fire damage that was caused to that dwelling back on June 24th of 2008?
> A: I am. Yes.
> Q: Did Southern General consent or agree to that fire damage that occurred?
> A: They did.

4

Q: Your insurance company agreed to the fire loss?

A: Yes.

Q: Let me restate my question.

THE COURT: I think we had a failure to communicate.

PROSECUTOR: My fault.

Q: Did Southern General give permission to anybody to burn that dwelling?

A: No, they did not.

Q: But you agree there was a fire loss to that dwelling?

A: Yes. We did understand that.

Q: Did your company, Southern General, give permission to Cory Frey to burn that dwelling?

A: No, we did not.

We find no violation. The court merely commented on the obvious confusion between the prosecutor and the witness regarding the insurer's decision to cover the loss as opposed to whether the insurer consented to the fire. The court therefore did not give an opinion as to what had or had not been proved. See *Gardner*, 286 Ga. at 635 (court did not violate OCGA § 17-8-57 by asking State whether it had proven venue); *Owens v. State*, 271 Ga. App. 365, 371 (5) (c) (i) (609 SE2d 670) (2005) ("A court's admonition to correct a misleading question by counsel does not rise to the level of an expression or intimation of opinion by the judge as to matters proved or guilt of the accused.") (citation, punctuation and footnote omitted).

5

2. Frey contends the evidence of criminal damage to property in the second degree was insufficient because the State failed to prove that damage to the Jeep exceeded $500. See OCGA § 16-7-23 (a) (1) ("A person commits the offense of criminal damage to property in the second degree when he: (1) Intentionally damages any property of another person without his consent and the damage thereto exceeds $500.00.").

Although the indictment alleged that Frey had damaged a Jeep Cherokee, the victim testified that Frey also damaged her GMC pickup truck. After the court prohibited the State from introducing evidence regarding damage to the GMC, the prosecutor asked about damages as follows:

> Q: And is the damage he caused more than $500?
> A: Yes. It was $300 to get the windshields put in and the side glass in the Jeep and we couldn't afford to get the camper part of the truck fixed.
> Q: Was there also damage done to the body of the vehicle?
> A: Yes, sir. The mirrors were knocked out and there was (inaudible).

In response to the first question, whether she agreed the damage exceeded $500, the victim clearly testified about both the Jeep and the truck. While discussing the $300 amount of damages, she did so in reference to more than one windshield, which

6

suggests she was talking about the front glass in both vehicles. Her later reference to the Jeep's "side glass" confirms this conclusion. Thus the State failed to show that the $300 was spent only on the Jeep. And even construing the second question as pertaining only to the Jeep, the victim failed to place a monetary value on the cost of replacing the mirrors. Thus, the State failed to prove that Frey caused at least $500 of damage to the Jeep as charged in the indictment and therefore failed to prove that Frey committed criminal damage to personal property in the second degree with regard to the Jeep. See OCGA § 16-7-23 (a) (1). Thus, his conviction for this crime must be reversed.

3. Frey also contends that the trial court erred by sentencing him as a recidivist. Whether a defendant was properly sentenced as a recidivist under OCGA § 17-10-7 is subject to de novo review. *Mathis v. State*, 336 Ga. App. 257 (784 SE2d 98) (2016).

Prior to trial, the State gave notice of intent to seek sentencing as a recidivist and to use Frey's prior convictions in aggravation of his punishment. The State listed eight prior convictions from outside of Georgia and one from inside of Georgia in the notice, and it provided certified copies of these prior convictions to Frey. At the sentencing hearing, the State reiterated its intent to seek recidivist punishment and to

7

use the prior convictions in aggravation. The State tendered the certified copies of seven prior convictions, six from either Nebraska or Ohio, and one from North Carolina. Frey objected to the conviction from North Carolina, and the court refused to allow the State to introduce that document. The State then requested recidivist sentencing, and Frey responded by arguing that the documents tendered from Nebraska and Ohio did not provide "a basis" to sentence Frey as a recidivist. Without commenting on the objection, the court then sentenced Frey.

On appeal, Frey argues that the court erred by sentencing him as a recidivist because the State failed to show that he was previously "sentenced to confinement in a penal institution" as a result of a Georgia felony or conduct in another state that would have been a felony had it occurred in Georgia. OCGA § 17-10-7 (a).[2] He also

---

[2] OCGA § 17-10-7 (a) provides as follows:
> Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

contends that the jury was required to determine whether he had been so sentenced in the past. But Frey did not raise these arguments at sentencing. "To be reviewable on appeal, an objection must clearly direct the attention of the trial court to the claimed error and must be stated with sufficient particularity to leave no doubt as to the specific ground upon which the charge is challenged." *Thrash v. Rahn*, 249 Ga. App. 351, 353 (4) (547 SE2d 694) (2001) (citation and footnote omitted). And an objection regarding the existence or validity of prior convictions as a basis for recidivist punishment can be waived in the trial court. *von Thomas v. State*, 293 Ga. 569, 573 (2) (748 SE2d 446) (2013). Because Frey did not object below on the grounds he now attempts to raise on appeal, he has waived appellate review of these issues. See, e.g., *Thomas v. State*, 305 Ga. App. 801, 803 (2) (701 SE2d 202) (2010) (failure to challenge at sentencing a particular conviction offered as a basis for sentencing under the recidivist statute, waives that issue on appeal); *Zachery v. State*, 241 Ga. App. 722, 723 (2) (527 SE2d 601) (2000) (appellant waived argument that "trial court erred in deciding the recidivism count itself rather than sending it to the jury" by failing to object on that ground at sentencing).

*Judgment affirmed in part and reversed in part. Ellington, P. J., and Mercier, J., concur.*

9