## A89A1250. GILES v. THE STATE.
(387 SE2d 5)

BEASLEY, Judge.

Defendant appeals the denial of his motion for resentencing. The crimes of which defendant was convicted occurred in 1974 and his trial took place in 1975. At that time he was sentenced by the trial court to twenty years for rape and consecutively to an additional twenty years for armed robbery. He contends the imposition of the second sentence was illegal because it was imposed by the trial court rather than by the jury which found him guilty. The jury failed to indicate whether the sentences should be imposed concurrently or consecutively and therefore defendant urges that the second sentence must be concurrent with the first under OCGA §§ 17-10-2 (b) and 10.

The trial court found to the contrary. Although jury sentencing was provided for by the law in effect at the time the crimes were committed, the law was changed in 1974 to provide for sentencing by the trial court. This was what happened in 1975 when defendant was tried and convicted, and it was the correct procedure. *Jones v. State,* 233 Ga. 662, 663 (2) (212 SE2d 832) (1975).

Defendant relied upon *Anglin v. State,* 244 Ga. 1 (1) (257 SE2d 513) (1979), which required, based upon *Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973), that two life sentences fixed by the court pursuant to recommendations of mercy by the jury be served concurrently unless the jury specified that they be served consecutively. He contended since both of the offenses for which he was sentenced were capital at the time, only a jury could determine whether he could be given consecutive sentences and the failure to specify meant that he could only be given concurrent terms. *Anglin* was overruled by *Welch v. State,* 254 Ga. 603, 606 (2) (331 SE2d 573) (1985). *Cargill v. State,* 256 Ga. 252, 253 (2) (347 SE2d 559) (1986), held the court may impose consecutive sentences even when the jury does not specify. The trial court correctly applied *Duckworth v. State,* 246 Ga. 631, 633 (2) (272 SE2d 332) (1980). It held that where the State did not seek the death penalty, OCGA §§ 17-10-2 (b) and 30 were inapplicable and the court pursuant to OCGA § 17-10-2 (a) was authorized to fix sentences to either run consecutively or concurrently.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 14, 1989 —
REHEARING DENIED OCTOBER 3, 1989 — ■

Oliver Giles, *pro se.*
*Willis B. Sparks III, District Attorney, Charles H. Weston,*

*Thomas J. Matthews, Assistant District Attorneys*, for appellee.