A93A2006. GILES v. THE STATE.
(441 SE2d 101)

McMURRAY, Presiding Judge.

In 1975, a jury found defendant guilty of rape and armed robbery and the trial court sentenced him to serve consecutive 20-year sentences. This court affirmed the denial of defendant's motion for resentencing in *Giles v. State*, 193 Ga. App. 93 (387 SE2d 5), and on November 23, 1992, defendant filed, pro se, a document entitled, "Petition to Correct Void and Illegal Sentences." This direct appeal was the result of the denial of this petition.[1] *Held*:

Defendant contends imposition of consecutive 20-year sentences was illegal because it was imposed by the trial court rather than the jury. This contention is controlled by this court's holding in *Giles v. State*, 193 Ga. App. 93, supra, where it was held that the trial court was "authorized to fix sentences to either run consecutively or concurrently." Id.

The trial court did not err in denying defendant's "Petition to Correct Void and Illegal Sentences."

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 16, 1993 —
RECONSIDERATION DENIED JANUARY 4, 1994 —

Oliver Giles, *pro se*.
*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.

---

[1] "[A]lthough habeas corpus would have been an appropriate remedy to determine the validity of a sentence, it is not necessarily an exclusive or sole remedy; such an action may be brought in the trial court." *Jefferson v. State*, 205 Ga. App. 687 (1) (423 SE2d 425).