## A96A2387. WADDELL v. THE STATE.
(480 SE2d 224)

BLACKBURN, Judge.

Jonathan Scott Waddell, a former jailer at the Paulding County jail, appeals his convictions on one count of cruelty to inmates

(OCGA § 42-4-5) and one count of party to the crime of simple battery (OCGA §§ 16-2-20; 16-5-23). He challenges the sufficiency of the evidence, claims the trial court improperly limited his cross-examination of the victim, argues his trial counsel was ineffective, and claims the trial court should have granted him a new trial based on newly-discovered evidence. He also seeks review of his sentence of two years in prison and two additional years on probation. We affirm.

1. Waddell's claim that the evidence is insufficient is reviewed under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), with the evidence viewed in a light most favorable to the verdict, to determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Rice v. State*, 266 Ga. 247, 248 (467 SE2d 897) (1996).

The victim was arrested and spent two nights in the Paulding County jail while waiting for someone to pay his bond. He spent the second night in a cell with approximately two dozen inmates, one of whom was Brent Sapree, who was indicted with Waddell. Waddell was one of the guards for that cell hall. During the night, Sapree and other inmates severely beat the victim twice.

Sapree, who pled guilty to simple battery, testified he beat the victim at Waddell's request in exchange for cigarettes, which were forbidden to inmates. According to Sapree, Waddell said he wanted the victim beaten because "he had problems with [the victim] about a girl." The evidence showed the victim was a friend of Waddell's ex-wife, and the victim testified Waddell had once confronted him when he saw the victim and Waddell's ex-wife together. Waddell admitted he and the victim had once exchanged words. Before the attack, the victim overheard Waddell say to Sapree, "take him out," at which time Waddell looked at the victim and gave him a "thumbs down" sign. After the beatings, another inmate saw Waddell give Sapree cigarettes.

The testimony of Waddell's accomplice, Sapree, accompanied by the corroborating evidence presented by the victim and the other inmate, sufficiently supports the convictions. See *Swinney v. State*, 217 Ga. App. 657, 658 (1) (458 SE2d 686) (1995) (testimony of accomplice accompanied by slight corroborating evidence from another source identifies the accused as a participant in the criminal act).

2. Waddell enumerates as error the trial court's refusal to allow him to cross-examine the victim regarding the criminal charges for which he was jailed at the time of the attack. In his opening statement, Waddell's trial counsel told the jury they would hear evidence that the victim had been charged with making threats against an estranged husband of a female friend. The State subsequently moved in limine to exclude such evidence as irrelevant. Waddell responded

that the facts which gave rise to the charge were relevant to show that the victim had a history of injecting himself into other people's personal relationships. The trial court then ruled, "I'm not going to allow any testimony concerning the reason why the victim was in jail. I don't find that to be relevant to the trial of the issues in this case." The trial court did not err in excluding the testimony on this basis, as Waddell's argument merely amounted to an attempt to impeach the victim's credibility. See *Wetta v. State*, 217 Ga. App. 128, 130 (3) (456 SE2d 696) (1995) (specific acts showing bad character are not admissible to impeach a witness' credibility).

Waddell states the general principle that evidence of a witness' pending criminal charge is always admissible to show the witness has a reason to testify favorably for the State. Accordingly, a trial court errs when it cuts off all questioning on this subject. See, e.g., *Beam v. State*, 265 Ga. 853, 856-857 (4) (463 SE2d 347) (1995); *Hines v. State*, 249 Ga. 257, 259-260 (2) (290 SE2d 911) (1982).

In this case, however, the record is clear that the *only* reason Waddell urged the trial court to allow him to explore the victim's pending charge was his theory that the facts giving rise to the charge showed a pattern of misconduct by the victim. Therefore, as in *Strickland v. State*, 257 Ga. 230, 232-233 (4) (357 SE2d 85) (1987); *Haynes v. State*, 199 Ga. App. 288, 290-291 (3) (404 SE2d 585) (1991); and *Woods v. State*, 210 Ga. App. 172, 173 (1) (435 SE2d 464) (1993), Waddell's failure to make this argument below prevents appellate review. " 'Because this is a court for review and correction of error, we cannot consider objections to evidence different from those raised at trial.' [Cit.]" *Wilkins v. State*, 220 Ga. App. 516, 517 (1) (469 SE2d 695) (1996). Furthermore, the trial court did not prohibit Waddell's counsel from inquiring into the witness' bias, and he did ask the witness whether a deal existed.

3. Waddell alleges his trial counsel was ineffective, a claim which requires him to show both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Sanders v. State*, 211 Ga. App. 859, 862 (1) (440 SE2d 745) (1994). After an evidentiary hearing, the court found that trial counsel's performance was not deficient. This Court must affirm that ruling unless it is clearly erroneous. *Bradford v. State*, 221 Ga. App. 232, 235 (3) (471 SE2d 248) (1996).

(a) Waddell claims his trial counsel met with him only once prior to trial for 90 minutes, failed to properly prepare him for cross-examination, and failed to fully investigate the case. The trial attorney testified that he reviewed with Waddell the statements of the State's witnesses, discussed Waddell's testimony with him, and felt

he had prepared him adequately. As "there exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel," the time factor is not dispositive. *Hand v. State*, 205 Ga. App. 467, 469 (2) (422 SE2d 316) (1992).

Waddell claims that if his attorney had spent more time with him he would have made a better witness, but "even the most thoroughly prepared defendant may blurt out something unfavorable to his cause." *Hammond v. State*, 264 Ga. 879, 887 (9) (452 SE2d 745) (1995). Furthermore, a review of the transcript shows the attorney was able to cross-examine the State's witnesses regarding their prior inconsistent statements made to authorities. See *Bevil v. State*, 220 Ga. App. 1, 4 (7) (467 SE2d 586) (1996) (even though he did not interview witnesses, no testimony at trial surprised attorney who had reviewed statements of witnesses). Finally, although Waddell claims better investigation would have produced a certain witness, he has not claimed he told his attorney about this witness, nor has he shown the witness would have testified favorably for him. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615-616 (458 SE2d 623) (1995) (absent proffer of what witness would have said, no showing that attorney's failure to secure his presence changed result of trial). The trial court's finding that trial counsel adequately prepared for trial is not clearly erroneous; therefore, Waddell's allegations of ineffective assistance of counsel have no merit.

(b) Waddell also alleges ineffective assistance in his attorney's failure to move for a mistrial when, during the trial, two jurors stated they recognized the victim as a former schoolmate. Because neither juror knew the victim personally or had any opinion about his credibility, Waddell had no ground for a challenge for cause and, therefore, cannot claim ineffective assistance because his attorney failed to seek a mistrial. See *Sanders*, supra.

4. Waddell moved for new trial on the basis of newly discovered evidence and claims the trial court erred by denying that motion. The new evidence was the testimony of a woman who had lived with the victim before and after the trial. She was called as a witness on the motion and testified the victim told her Sapree beat him because he had stolen something from Sapree and Waddell was not involved. Assuming this evidence was "newly discovered," it did not require a new trial, as Waddell failed to meet *all* the requirements set forth in *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). In addition to its other requirements, *Timberlake* mandates that a new trial may not be granted " 'if the only effect of the evidence will be to impeach the credit of a witness.' " Id. As the trial court found, the testimony at hand does nothing more than contradict the victim's trial testimony. See *Martin v. State*, 219 Ga. App. 277, 282-283 (8) (464 SE2d 872) (1995). This enumeration is, therefore, without merit.

5. Waddell also asks this Court to modify his sentence, which he claims is excessive in light of his prior clean record. On the cruelty to inmates conviction, the trial court sentenced him to two years in prison and one on probation, a sentence within the parameters of OCGA § 42-4-5 (b). The court added a consecutive charge of 12 months probation for Waddell's conviction as a party to the crime of simple battery. This sentence did not exceed that allowed by law. See OCGA § 16-5-23; see *Branch v. State*, 182 Ga. App. 818, 820 (3) (357 SE2d 136) (1987). As Waddell raises no legal challenge to the consecutive sentences, we will not review the trial court's exercise of discretion in imposing consecutive sentences.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 24, 1996.

*Brian D. Hardison*, for appellant.

*James R. Osborne, District Attorney, Allyson P. Guy, Assistant District Attorney*, for appellee.