A05A0451. OWENS v. THE STATE.
(609 SE2d 670)

BLACKBURN, Presiding Judge.

Leonard Marcel Owens appeals his jury trial conviction on two counts of armed robbery,[1] one count of aggravated assault,[2] two counts of kidnapping,[3] two counts of possessing a firearm during the commission of a felony,[4] one count of burglary,[5] and one count of kidnapping with bodily injury.[6] He raises numerous alleged errors, including insufficiency of the evidence and ineffective assistance of

---

counsel. Discerning no error, we affirm.

1. Owens challenges the sufficiency of the evidence.

> In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to support the jury's verdict and determine if a rational trier of fact could find each essential element of the crimes charged beyond a reasonable doubt. We do not weigh the evidence or determine witness credibility. Conflicts in witness testimony are matters of credibility for the jury to resolve. And as long as there is some evidence, even though contradicted, to support each fact necessary for the state's case, the verdict will be upheld.

(Punctuation and footnote omitted.) *Morgan v. State.*[7] See *Jackson v. Virginia.*[8]

Viewed in this light, the evidence shows that shortly after noon on June 14, 2002, a gunman entered a convenience store in Henry County and, pointing his gun at the two brothers who owned the store, demanded the store's cash. As one brother went with the gunman to the cash register, another gunman (Owens) entered the store and pointed a gun at the second brother to hold him at bay while the first gunman obtained the money. Once the cash registers were emptied, the gunmen forced the two brothers to the store's back office, where the gunmen told them to remain while the gunmen escaped. After the gunmen left the store and entered their car, the first brother left the office and watched them drive away in a car whose tag number he observed.

The first brother phoned police and related the car's tag number and description. A nearby officer soon observed the vehicle with the two gunmen inside and tried to apprehend them, but the gunmen sped away, leading local police on a chase that eventually ended in the gunmen abandoning their car and escaping at the end of a dead-end street.

Shortly thereafter in the vicinity, someone broke into a house and stole a gun and an electrical extension cord. Carrying the stolen gun and extension cord, Owens, at approximately 4:30 p.m., burst into an occupied house adjacent to the burglarized house, demanding that the elderly female occupant give him money and the keys to her car. Beating her with the stolen gun, he forced her into two other rooms

---

[7] *Morgan v. State*, 255 Ga. App. 58 (1) (564 SE2d 467) (2002).
[8] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

of the home. She gave him her money and her car keys, and he then escaped in her Honda Accord vehicle that was parked in the driveway.

The next day, an officer observed Owens driving the stolen Honda through a red light. When the officer stopped Owens, the officer observed a ski mask in the vehicle, later identified as worn by the second gunman in the convenience store robbery. Owens was arrested, and, in a photo lineup and at trial, the elderly victim positively identified him as the robber who burst into her home. Evidence further showed that only weeks earlier, Owens had committed two armed robberies of retail businesses in the vicinity, which were similar in method to the armed robbery of the convenience store here.

This evidence sufficed to sustain the verdict finding Owens guilty of the armed robbery of the first store-owner brother, the aggravated assault of the second store-owner brother during that robbery, the kidnapping of the two brothers into the back office, the possession of a firearm during the armed robbery and also during the aggravated assault, the burglary of the unoccupied home, and the armed robbery and kidnapping with bodily injury of the elderly victim in the occupied home. Owens's complaint that the evidence was weak is to no avail, as we do not weigh the evidence on appeal. *Morgan*, supra at 58 (1). His contention that the evidence only showed that he stole the elderly victim's car keys from her immediate presence, and not her actual car as alleged in the indictment, also fails, as the theft of keys to a nearby car, which keys were stolen from the immediate presence of the victim, suffices to show the theft of the vehicle from the immediate presence of the victim. *Johnson v. State.*[9] Finally, his argument that the second store-owner brother was required to testify to sustain the aggravated assault conviction involving that brother must also fail, since the testimony of the first store-owner brother was sufficient. OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact").

2. Owens contends that his aggravated assault conviction involving the second store-owner brother should have factually merged into his kidnapping conviction involving that same victim. "The crimes of aggravated assault and kidnapping do not necessarily merge as a matter of law, although they may do so as a matter of fact" when they are based on the same conduct. (Punctuation omitted.) *Vining v. State.*[10] Here the aggravated assault occurred when Owens pointed the gun at the second store-owner brother to hold him at bay during the robbery of the first brother. The kidnapping of that same second

---

[9] *Johnson v. State*, 246 Ga. App. 109, 112 (3) (539 SE2d 605) (2000).
[10] *Vining v. State*, 195 Ga. App. 816, 817 (1) (395 SE2d 17) (1990).

brother occurred when Owens and his cohort then forced both brothers into the store's back office. "Under those circumstances, the aggravated assault was supported by facts separate from the kidnapping . . . and would not, therefore, be included as a matter of fact in" the kidnapping offense. *Curtis v. State*.[11] See *Vining*, supra at 817 (1).

3. Owens claims that his five-year sentences on the two possession of firearm during the commission of a felony convictions are void in that the sentences were consecutive to all other sentences given at the trial. Owens argues that under *Johnson v. State*,[12] a five-year sentence on a possession of a firearm during the commission of a felony conviction may only be consecutive to the underlying felony, and may not be consecutive to any other sentences handed out at the trial. We disagree.

Under OCGA § 17-10-10, it is within the trial court's discretion to fix sentences to either run consecutively or concurrently. *Giles v. State*;[13] *Jefferson v. State*.[14] This discretion is circumscribed by OCGA § 16-11-106 (b) (5) (possession of weapon during commission of felony statute), which requires a five-year sentence thereunder "to run consecutively to any other sentence which the person has received." The Supreme Court of Georgia in 1999 interpreted this statute to mean that the only sentence to which the trial court *must* consecutively run the five-year sentence is the sentence on the underlying felony to the possession of weapon offense. *Busch v. State*.[15] Emphasizing that "trial courts have been granted broad discretion to run sentences concurrently or consecutively," *Busch* held that OCGA § 16-11-106's only limit on that discretion was to require at a minimum that a sentence for the weapon possession offense be served consecutively to the underlying felony for that offense. Id. at 595.

Three years later in *Braithwaite v. State*,[16] the Supreme Court of Georgia reiterated this principle, holding that "a firearm possession sentence must only run consecutively to the sentence for its underlying felony conviction." Because the weapon possession sentence could, in the trial court's discretion, also run consecutively to other sentences, *Braithwaite* upheld the trial court's decision there to run the three weapon possession sentences consecutively to each other also. Id. at 888-889 (9).

Citing *Busch* and *Braithwaite*, our Court in *Pennymon v. State*[17]

[11] *Curtis v. State*, 275 Ga. 576, 580 (3) (571 SE2d 376) (2002).

[12] *Johnson v. State*, 247 Ga. App. 157, 162 (9) (543 SE2d 439) (2000).

[13] *Giles v. State*, 211 Ga. App. 618 (441 SE2d 101) (1993).

[14] *Jefferson v. State*, 209 Ga. App. 859, 863 (3) (434 SE2d 814) (1993).

[15] *Busch v. State*, 271 Ga. 591, 593-595 (523 SE2d 21) (1999).

[16] *Braithwaite v. State*, 275 Ga. 884, 889 (9) (572 SE2d 612) (2002).

[17] *Pennymon v. State*, 261 Ga. App. 450, 455 (6) (582 SE2d 582) (2003).

similarly held that the trial court correctly ran the three weapon possession sentences consecutively to the underlying felonies and further properly exercised its discretion to run them not only consecutively to each other but also consecutively to other unrelated counts. "We summarily reject [the defendant's] argument that OCGA § 16-11-106 required the trial court to run the sentences on [the weapon possession counts] concurrently with the sentence on [an unrelated count]. Nothing in the Code section or cases cited herein supports this proposition." Id. at 455 (6).

As pointed out by Owens, however, our Court in 2000 in Division 9 of *Johnson*, 247 Ga. App. at 162, held otherwise. In *Johnson*, the trial court ordered a five-year sentence for possession of a knife during the commission of a crime to run consecutively to the defendant's sentence for kidnapping with bodily injury (which kidnapping was not the underlying felony for the weapon possession charge). *Johnson* vacated that sentence, reasoning that a weapon possession sentence could only be run consecutively to the felony underlying the weapon possession offense and that the trial court had no discretion to run that sentence consecutively to any other sentences. Id. Because this holding of *Johnson* clearly contravenes the Supreme Court holdings in *Busch* and *Braithwaite* as well as our own decision in *Pennymon*, we hereby overrule Division 9 of *Johnson*.

4. Owens contends that the trial court erred in failing to engage in a separate and express balancing test to determine whether the probative value of the similar transactions outweighed their prejudicial impact. However, "[s]uch an explicit finding is not required." *Pinson v. State*.[18] Rather, as stated in *Farley v. State*,[19] "a trial court's finding that 'other transactions' evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact." See *Hopper v. State*[20] (no explicit finding required).

5. Owens's remaining enumerations of error all center on his claim that the trial court erred in finding he did not carry his burden of proving ineffective assistance of counsel. Our review of such enumerations is clear.

> To establish a claim of ineffective assistance of counsel, [Owens] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of

---

[18] *Pinson v. State*, 266 Ga. App. 254, 258 (2) (596 SE2d 734) (2004).

[19] *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995).

[20] *Hopper v. State*, 267 Ga. App. 218, 220-221 (2) (598 SE2d 926) (2004).

the trial would have been different but for that deficiency. There is a strong presumption that trial counsel's assistance was adequate and that counsel's decisions were made within the bounds of reasonable professional judgment. Moreover, a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.

(Citations, punctuation and footnotes omitted.) *Johnson v. State.*[21]

Almost all of Owens's claims of inadequate performance by counsel arise out of counsel's failure to object or to make certain motions on various issues. As set forth below, each of those objections or motions would have been without merit and futile. Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance. *Hayes v. State;*[22] *Davis v. State.*[23]

(a) *Failure to Move to Sever.* Owens first claims that his counsel erred in failing to move to sever the counts relating to the convenience store robbery from the counts relating to the residential burglary and robbery that took place later that day. Tellingly, when asked why he did not make such a motion, trial counsel testified that he believed such a motion lacked merit. We agree.

"Joinder of offenses is allowed when two or more offenses (1) have the same or similar character, even though they are not part of a single scheme or plan; (2) are based on the same conduct; (3) are based on a series of connected acts; or (4) constitute parts of a single scheme or plan." *Sanders v. State.*[24] Here, Owens's acts in committing the residential burglary and robbery, which took place within hours of the convenience store robbery and in the vicinity of Owens's escape therefrom, were part and parcel of his continuing escape, thus intertwining the offenses as a series of connected acts. See *Carter v. State*[25] (offenses occurring during or immediately after escape attempt are connected for joinder purposes to earlier offense from which escape was being attempted). Any motion to sever the offenses would have been without merit.

(b) *Failure to Object to Similar Transactions.* Owens asserts that inasmuch as no certificate of service was attached to the file copy of the State's notice of intent to introduce similar transactions, counsel erred in failing to object to the introduction of those similar transactions. Significantly, Owens makes no claim and points to no evidence

---

[21] *Johnson v. State*, 257 Ga. App. 30, 31 (570 SE2d 344) (2002).

[22] *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

[23] *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004).

[24] *Sanders v. State*, 236 Ga. App. 578, 579-580 (1) (a) (512 SE2d 678) (1999).

[25] *Carter v. State*, 192 Ga. App. 726, 728 (4) (386 SE2d 389) (1989).

that his trial counsel was not served with such notice. Indeed, the evidence pointedly shows otherwise, as Owens's trial counsel attended the similar transactions hearing that took place three months before trial pursuant to the filing of the notice. The State's notice of intent to present evidence of similar transactions was the sole object of the hearing and was thoroughly discussed with full participation by Owens's counsel. Any objection to the similar transaction evidence on the ground of lack of notice would have lacked merit.

(c) *Failure to Object to Improper Judicial Comment.* Owens claims his counsel erred in failing to object to three comments or questions made by the trial judge as evidence of improper judicial comment in violation of OCGA § 17-8-57. This statute forbids a trial judge in any criminal case from expressing or intimating his opinion to the jury as to what has or has not been proved or as to the guilt of the accused. As set forth below, none of the three comments or questions were improper under this statute.

(i) *Correcting Attorney's Misstatement.* Owens first complains that his counsel failed to object when the court corrected a misstatement by counsel in the following colloquy involving counsel's cross-examination of a police officer, who had just described the photo lineup identification of Owens's cohort (Derrick Maxey):

> Q. Right. As a result of her doing that, you issued a warrant for Mr. Derrick Maxey on behalf of that identification, didn't you?
> A. No, sir, I did not.
> Q. You're saying a warrant was not issued after that?
> A. I don't —
> THE COURT: Now, Mr. Bowman, that's not the question you asked him.
> MR. BOWMAN: Okay.
> THE COURT: It's all right to ask him a question and get an answer, but it is not all right to misstate what you asked him.
> MR. BOWMAN: Okay. I'm sorry, Judge.

A court's admonition to correct a misleading question by counsel "does not rise to the level of an expression or intimation of opinion by the judge as to matters proved or guilt of the accused." *Wooten v. State.*[26] Trial counsel quite properly recognized this by not objecting and by extending his apology to the court. Owens's attempt to cast aspersions as to the court's motivation for making such an admonition (allegedly based on the judge's presiding at Owens's cohort's

---

[26] *Wooten v. State*, 240 Ga. App. 725, 727 (3) (a) (524 SE2d 776) (1999).

prior trial where Owens claims the cohort identified Owens as a participant in the convenience store robbery) not only lacks any factual basis in the record but is irrelevant and speculative at best.

(ii) *Clarifying Language Communication Problem.* Owens next complains that his counsel failed to object when the court asked questions of a witness to clarify an apparent language barrier miscommunication between Owens's counsel and the witness, whose first language was obviously not English. "It is a court's right, and oftentimes its duty, to question a witness in order to develop fully the truth of a case. [Cits.] The extent of questioning is largely within the discretion of the court provided the court does not violate § 17-8-57." *Eagle v. State.*[27] Straightforward inquiries to clarify testimony are not an improper expression of the court's opinion. *Jackson v. State.*[28] Here the court's inquiries addressed an obvious miscommunication problem and did not contain an expression or opinion on the evidence or on Owens's guilt. Compare *Paul v. State*[29] (judge's repeated argumentative questions to defendant which were clearly intended to discredit the defendant constituted an improper comment on the evidence).

(iii) *Clarifying Term of Art.* Owens's third complaint is that his counsel erred in failing to object to the court's posing a question to a police officer to explain the meaning of an unfamiliar expression used by the officer during his testimony. Specifically, the court observed that the officer had twice testified that he had read the elderly victim "a photographic admonition." Noting that the jury may not have understood this term of art, the court asked the officer to define such for the jury, which the officer did. Inasmuch as the court "has the right to propound a question or series of questions to develop the truth of the case," *Sanders v. State,*[30] the court's efforts here to have a witness explain an unfamiliar expression to the jury did not constitute a comment on the evidence or on Owens's guilt.

(d) *Asking Officer Source of Photos.* Owens's final complaint about his attorney's performance is that his attorney asked an officer whether the photos for a photo lineup were from police booking records, to which the officer responded that the source was the Department of Corrections website and a local county detective. Owens laments that this question unwisely identified the individuals as former criminals and thus raised the issue of character to Owens's disadvantage. What Owens omits to state, however, is that his photo

---

[27] *Eagle v. State*, 264 Ga. 1, 3 (3) (440 SE2d 2) (1994).

[28] *Jackson v. State*, 251 Ga. App. 171, 172 (1) (554 SE2d 202) (2001).

[29] *Paul v. State*, 272 Ga. 845, 846-848 (1) (537 SE2d 58) (2000).

[30] *Sanders v. State*, 211 Ga. App. 859, 862 (2) (440 SE2d 745) (1994).

was not in this particular lineup and thus the question in no way could have brought Owens's character into issue. Rather, this particular lineup included a photo of Owens's cohort in the convenience store robbery; in context, the phrasing and strategy of the question were apparently to besmirch the cohort as having prior dealings with police so that the jury would tend to blame him for the convenience store robbery and not Owens. "As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Punctuation omitted.) *Robinson v. State.*[31]

We hold that the court did not clearly err in finding that Owens did not carry his burden of proving ineffective assistance.

*Judgment affirmed. Ruffin, C. J., Andrews, P. J., Johnson, P. J., Smith, P. J., Barnes, Miller, Ellington, Phipps, Mikell, Adams and Bernes, JJ., concur.*

DECIDED JANUARY 21, 2005.

*Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.

---

[31] *Robinson v. State*, 278 Ga. 31, 37 (3) (d) (597 SE2d 386) (2004).