**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 6, 2017**

# In the Court of Appeals of Georgia

A17A0369. GILMORE v. THE STATE.

RICKMAN, Judge.

Jermaine James Gilmore was tried by a jury and convicted of aggravated assault, burglary, and aggravated battery. Following the denial of his motion for new trial, Gilmore appealed contending that the trial court erred by granting his motion to withdraw his guilty plea and denying his motion for directed verdict. Gilmore also contended, in the alternative, that his plea counsel rendered ineffective assistance by moving to withdraw his guilty plea. In an unpublished opinion (*Gilmore I)*, this Court found that the trial court did not abuse its discretion by granting Gilmore's motion to withdraw guilty plea or err by denying his motion for directed verdict. *Gilmore v. State*, Case No. A15A2288, p. 3-6 (1) and 9-11 (3) (decided March 8, 2016) (unpublished opinion). However, this Court vacated the trial court's judgment that

Gilmore's plea counsel was effective and remanded this case to the trial court for further proceedings. *Gilmore I* at 6-9 (2). On remand, following a hearing, the trial court again denied Gilmore's motion for new trial. This appeal follows.

The pertinent procedural history of this case is as follows:

Prior to trial . . . Gilmore had entered a negotiated guilty plea to aggravated assault, burglary, and robbery. He was sentenced as a recidivist under OCGA § 17-10-7 (c) to serve three concurrent 20-year sentences, with 10 years in confinement followed by 10 years on probation. After sentencing, however, he moved to withdraw his plea, arguing that he "did not knowingly and voluntarily plead guilty to being sentenced as a "Class 'C' Recidivist." Finding that Gilmore did not knowingly and voluntarily plead because he had not been advised on the record of his recidivist sentencing, its meaning, or its consequences, the trial court granted his motion to withdraw his guilty plea and vacated his sentence.

Later, however, Gilmore moved to vacate the trial court's order allowing withdrawal of his guilty plea. The trial court denied that motion on the morning of trial, reasoning that it had allowed Gilmore to withdraw his plea to correct a manifest injustice because he had not been informed of his recidivist sentencing and noting that Gilmore "doesn't want to go back to the sentence that I entered. He wants to withdraw his guilty plea and go back to a different sentence without recidivism[.]

2

At trial, a jury convicted Gilmore of aggravated assault, burglary, and aggravated battery. He was sentenced to serve 40 years in confinement without parole, followed by 20 years on probation, upon proper notice and proof of his recidivism.

*Gilmore I* at 2-3.

In *Gilmore I*, this Court remanded this case to the trial court for the trial court to determine whether Gilmore "had actually begun to serve [his sentence pursuant to the guilty plea] after the oral pronouncement [which made no reference to recidivist sentencing] and prior to the sentencing form [which indicated Gilmore was being sentenced as a "Class 'C' Recidivist"] having been signed by the judge." *Gilmore I* at 9 (2). Following a hearing, the trial court determined that "there is no evidence that Gilmore began to serve his sentence between the time the [trial court] pronounced the oral sentence and minutes later when the written order was signed." Gilmore concedes this issue on appeal.

After conceding the only issue that this case was remanded for, Gilmore continues to argue that his plea counsel rendered ineffective assistance of counsel by failing to advise him of other available options to challenge the recidivist portion of his sentence other than withdrawing his guilty plea. Specifically, Gilmore argues that his counsel was ineffective for neglecting to challenge his recidivist sentence on the

3

basis that the State failed to meet its burden of proving his recidivism. To the extent that Gilmore's arguments have not already been rejected by this Court in *Gilmore I*,[1] for the following reasons we find that his claim has no merit.

> To prevail on an ineffective assistance of counsel claim, a criminal defendant must show both that his counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the

---

[1] Although the "law of the case" rule has been statutorily abolished, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be. OCGA § 9-11-60(h). This law of the case rule is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases. There is an exception to this rule when the evidentiary posture of the case changes such that the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented. The evidentiary posture of this case has not changed since our previous decision in [*Gilmore I*], supra; therefore, the "law of the case" rule applies and that previous decision is binding on this Court.

(Citations and punctuation omitted.) *Pierce v. State*, 278 Ga. App. 162, 163-164 (1) (628 SE2d 235) (2006). See *Gilmore I* at 6-8 (2).

proceedings would have been different. *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012). "The likelihood of a different result must be substantial, not just conceivable." (Citation omitted.) Id. In challenging counsel's strategic decisions, a defendant "must show that no competent attorney, under similar circumstances, would have made [the same decision]." (Citation and punctuation omitted.) *Davis v. State*, 290 Ga. 584, 585-586 (2) (723 SE2d 431) (2012). On appeal "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation omitted.) *Hill*, supra.

*Gilmore I* at 6-7 (2).

In *Gilmore I*, this Court noted that, in some instances, the State's burden of proving a defendant's recidivism may be waived. *Gilmore I* at 6 (1), n. 1. See *von Thomas v. State*, 293 Ga. 569, 572-573 (2) (748 SE2d 446) (2013) (listing cases). "A plea agreement is, in essence, a contract between a defendant and the State." (Citation and punctuation omitted.) *Simmons v. State*, 292 Ga. 265, 267 (2) (736 SE2d 402) (2013). See *Martin v. State*, 207 Ga. App. 861, 862-863 (429 SE2d 332) (1993). Gilmore's plea counsel testified at his first motion for new trial that she negotiated his guilty plea with the District Attorney's Office and that one of the terms of the negotiated plea agreement was that he would be sentenced as a recidivist. Gilmore's plea counsel further testified that Gilmore would have been sent a copy of the

5

recidivist notice and that she discussed the recidivist notice with him during "lengthy back and forth discussions about the plea offer." In addition, the trial court noted for the record that prior to taking the plea, counsel for both sides explained the terms of the proposed plea agreement in a meeting in the trial court's chambers and "they asked me to accept this negotiated plea as a recidivist plea." The trial court explained that he reluctantly, due to the seriousness of the offense, agreed to accept the recidivist plea with a relatively light sentence because the victim was experiencing health problems.

At Gilmore's second motion for new trial hearing, his plea counsel testified that she filed a motion to withdraw his guilty plea because he requested that she do so and that she did not speak with him about other possible grounds for relief because "the [plea] deal originally was under a recidivist notice." Gilmore's plea counsel also testified that she did not think it would have been appropriate to file a motion to correct Gilmore's sentence because "I'm not going to affirmatively lie to the Court and say, oh well, this is something that we didn't bargain for." We recognize that "[t]he failure to make a meritless motion cannot provide the basis upon which to find ineffective assistance of counsel." (Citation omitted.) *Funck v. State*, 296 Ga. 371, 374 (1) (768 SE2d 468) (2015).

However, we need not determine definitively whether Gilmore's plea counsel could have successfully challenged his sentence by alternate means because Gilmore invited the error that he now complains of. As noted in *Gilmore I* at 8 (2), n. 2, "[t]his Court has repeatedly held that, in connection with an ineffective assistance claim, a defendant cannot blame trial counsel for a decision he himself made over counsel's objection." (Citation and punctuation omitted.) *Brewer v. State*, 328 Ga. App. 801, 804 (762 SE2d 622) (2014). Gilmore's plea counsel testified that "[t]he filing of the motion [to withdraw his guilty plea] was to preserve what he wanted to do, but I had hoped that after we discussed it and reasoned about it he would withdraw that and would leave it as it was. And I encouraged him very strongly to do so." "I remember explaining to [Gilmore] that if we were successful in that course of action that he would be facing up to 140 years without parole if he were convicted on all the counts. . . . I believe that we had a very good deal to start off with and that it shouldn't be bothered and that we should withdraw the motion."

When Gilmore moved to vacate the trial court's order allowing withdrawal of his guilty plea, Gilmore testified that he asked his plea counsel to withdraw his guilty plea, "[b]ut at the time that I asked she didn't do it because she said that wasn't the right thing to do. . . . I had to threaten her with the Bar, writing the Bar Association and

7

stuff like that before she put the motion to withdraw my plea in." In the face of his plea counsel's advice that if he withdrew his plea he could face up to 140 years in the state prison system without the opportunity for parole, Gilmore insisted that his plea counsel go forward with the motion, even going so far as to threaten reporting her to the bar association if she failed to do so. Now, he wishes to claim his plea counsel was ineffective for pursuing the same motion. "In other words, [Gilmore] rolled the dice hoping that they would come up sixes; when they came up snake eyes, he now claims that rolling was a mistake in the first place." *Priest v. State*, 335 Ga. App. 754, 759 (1) n. 2 (782 SE2d 835) (2016).

"Under these circumstances, [plea] counsel cannot be labeled ineffective where the defendant proceeded against counsel's advice and blundered." *Sanders v. State*, 211 Ga. App. 859, 861 (1) (440 SE2d 745) (1994). Accordingly, the trial court did not err in concluding that Gilmore failed to show that his plea counsel was ineffective. See *Brewer*, 328 Ga. App. at 804-805; see also *Alvarado v. State*, 271 Ga. App. 714, 718 (3) (610 SE2d 675) (2005); *Sanders*, 211 Ga. App. at 861-862 (1).

*Judgment affirmed. Ellington, P. J., and Andrews, J., concur.*

8